## Henry Couillard vs. Samuel G. Duncan.

In determining whether or not a sale of property was made to defraud the sole creditor of the vendor, the amount of such creditor's claim is material; and after he has testified to the amount of it, and denied on cross-examination that he ever fixed it at a less sum, evidence is admissible, for the purpose of contradicting him, to show that he has fixed it at a less sum.

If it becomes a question whether a transfer of personal property by a bill of sale was an absolute sale, or merely as collateral security for a debt, and it is left to the jury to determine whether the transaction was a sale or a pledge, under proper instructions as to the

. distinction between them, and the jury find that it was an absolute sale, the party alleging that it was as collateral security cannot object for the first time, at the argument in this court on the exceptions, that the transaction might have amounted to a mortgage, and that instructions ought to have been given as to the distinction between a pledge and a mortgage.

A new trial will not be granted to a defendant on the ground of an erroneous instruction as to the measure of damages, if it appears by the bill of exceptions that the damages assessed were not too great.

TORT against a constable for the conversion of a horse, wagon and harness, by attaching them upon a writ in favor of Benjamin B. Mansfield against S. D. Wing.

At the trial in the superior court, before *Ames*, J., the plaintiff claimed title under a bill of sale from Wing to him, dated July 4, 1862. The defence was that this sale was not absolute, but merely as collateral security for a debt, and that it was fraudulent and void as against creditors. There was no evidence that Wing had any creditors other than the plaintiff and Mansfield, and the amount of Mansfield's claim was only seven dollars; and he denied on cross-examination that he had ever fixed it at a less sum. The plaintiff was then allowed, under objection, to introduce evidence that Mansfield had said that his claim was about four dollars.

It appeared that when the property was sold by the defendant the plaintiff bought the horse and wagon for $32.75, and that the harness was sold for $1.50 to another person, who testified that it was worth three or four dollars.

The evidence was conflicting as to whether the transaction between Wing and the plaintiff amounted to an absolute sale or not. The defendant asked the court to instruct the jury that if the sale was made with any trust whatever, express or implied, it need not be known by the plaintiff that Wing intended to hinder or delay his creditors; that if the property was turned out for security, the plaintiff could not maintain his action; and that the general rule of damages is, the value of the property at the time of the taking, and interest; but if the property was received by the plaintiff, upon making payment or incurring expense therefor, the damages should be equal to such payment or expense.

The judge declined to instruct the jury in these terms, and, after explaining what was necessary in order to make a sale fraudulent as against creditors, instructed them that it was for them to determine whether the transaction was a sale or a pledge; that the real question was as to the contract at the time it was made; and he pointed out the distinction between a sale and a pledge in a manner not excepted to. He also instructed them that the plaintiff, if entitled to recover at all, was entitled to recover the value of the property at the time of the seizure, with interest.

The jury returned a verdict for the plaintiff, with $36.64 damages; and the defendant alleged exceptions.

*S. T. Field,* for the defendant.

*D. Aiken,* for the plaintiff.

BY THE COURT. 1. Whether Mansfield was a creditor, and to what amount, were material questions in the case.

2. The defence was, that the sale to the plaintiff was not absolute, but as a security for debt. The court, in instructing the jury, stated the question clearly, and left it to them to determine whether the sale was absolute or as security only. No point was raised by the defendant at the trial as to the distinction between a pledge and a mortgage.

3. The amount of the verdict renders the question as to the rule of damages unimportant. *Exceptions overruled.*